# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DINAH ROSE,**
**Defendant Below, Petitioner**

**v.) No. 24-ICA-383**   (Cir. Ct. Mercer Cnty. Case No. CC-28-2024-C-120)

**NORA CHURCH TRIVETT,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dinah Rose appeals the August 16, 2024, order from the Circuit Court of Mercer County granting judgment in favor of Respondent Nora Church Trivett and ordering Ms. Rose to vacate the premises in question. Ms. Trivett filed a response.[1] No reply was filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From the outset, we note that the record on appeal is sparse, which limits this Court's recitation of the facts. On February 7, 2018, Ms. Trivett and her then husband Harold Church entered a rent-to-own contract with Ms. Rose and Ronald Rose to sell property located in Princeton, West Virginia, for $72,000.00. After entering this contract, Ms. Trivett acquired Mr. Church's interest and became the sole owner of this property. The contract required the Roses to pay rental payments of $1,000.00 per month until the total sum was paid. When all payments were made, the Roses would receive total ownership of the property. However, Ms. Trivett alleges the Roses defaulted in their payment obligations when they made their last payment of $500.00 on October 12, 2023. Ms. Trivett alleges the unpaid balance under the contract is $36,600.00. On January 31, 2024, Ms. Trivett sent a letter to the Roses notifying them that they were in default and had breached the rent-to-own contract. Ms. Trivett then ordered the Roses to vacate the premises by March 4, 2024.

---

[1] Ms. Rose is self-represented. Ms. Trivett is represented by John W. Feuchtenberger, Esq.

1

On May 8, 2024, Ms. Trivett filed her complaint in the Circuit Court of Mercer County alleging the Roses breached the contract, had fallen behind on payments, and had not properly maintained the property. Ms. Rose filed an answer. On August 6, 2024, the parties appeared for a hearing before the circuit court. [2] On August 16, 2024, the circuit court entered an order finding the Roses violated the terms of the rent-to-own contract, granting judgment in favor of Ms. Trivett, and ordering the Roses to vacate the property by August 31, 2024. The case was then dismissed in its entirety. It is from this order that Ms. Rose now appeals.

In addressing the instant appeal, our standard of review is as follows:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 110, 492 S.E.2d 167, 169 (1997).

Ms. Rose asserts four assignments of error. [3] First, she argues Ms. Trivett's case was dismissed because the magistrate court could not hear the case. Second, Ms. Rose argues she had money to pay Ms. Trivett and argues she owed only $16,150. Third, she states Ms. Trivett argued Ms. Rose forged receipts but Ms. Rose argues she provided copies of the receipts at issue to the court. Finally, Ms. Rose argues Ms. Trivett acted as if she was not selling the home but then sold the home after the parties went to court. However, Ms. Rose does not explain how any of these statements demonstrate an error in the circuit court's rulings. She does not identify any magistrate court proceeding or prior dismissal to explain the first assignment of error and the procedural and factual history of this case is unclear based on the record and the parties' briefing. Further, there are no supporting points of fact and law or any citations to the record to assist this Court in its understanding of these arguments. As we have observed previously, we cannot consider indecipherable arguments made in appellate briefs. *See Vogt v. Macy's, Inc.*, No. 22-ICA-162, 2023 WL 4027501, at

---

[2] Although Ms. Rose did not provide a copy of the transcript in her appendix, it appears from the limited record that the August 6, 2024, hearing was a bench trial.

[3] In this case, we note that our review is hampered by Ms. Rose's failure to file an appendix that complies with the requirements set forth in Rule 7 of the West Virginia Rules of Appellate Procedure. Ms. Rose failed to provide this Court with a docket sheet, the motions filed below, a hearing transcript, exhibits, or any other necessary case related documents. Nevertheless, we will consider and rule on Ms. Rose's appeal with the limited information provided.

*4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995)); *see also Megan W. v. Robert R.,* No. 23-ICA-353, 2024 WL 1592600, at *5 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) ("It is well established that, '[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim[.]'") (quoting *State v. Lambert*, 236 W. Va. 80, 100, 777 S.E.2d 649, 669 (2015)). Moreover, as our Supreme Court of Appeals has held,

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966); *Cobble v. Lester*, No. 24-ICA-201, 2024 WL 5201017, at *2 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision). Ms. Rose has failed to develop her arguments, and the briefing and record contain no factual or legal support. Accordingly, she has not met her burden, and we cannot find any error in the circuit court's order based on these unsupported assignments of error.

Accordingly, we affirm the circuit court's August 16, 2024, order.

Affirmed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

3